UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CYNTHIA ASHTON<br><br>Plaintiff,<br><br>v.<br><br>ALLIANCERX WALGREENS PHARMACY AND<br>DOES 1 THROUGH 25, INCLUSIVE,<br><br>DEFENDANTS, | CASE NO.: 3:23-CV-973<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Cynthia Ashton ("Ms. Ashton" or "Plaintiff"), by and through her attorneys, Equal Rights Law Group, Ben Crump Law, and Hilliard Martinez Gonzales LLP, for her complaint against defendant AllianceRX Walgreens Pharmacy ("AllianceRX"), and DOES 1-25 alleges as follows:

### NATURE OF ACTION

1. Ms. Ashton, who is Black and of African descent, was employed by AllianceRX from September 6, 2017 to June 24, 2021, working as Manager of Insurance and Group Agent.

2. Plaintiff was highly qualified and competent in her role.

3. Plaintiff was wrongfully terminated following complaints to Human Resources and Ethics & Compliance regarding differential and discriminatory treatment based on race, gender, sexual orientation, intermittent FMLA leave, harassment, and retaliation.

4. Since her hire in 2017, Ms. Ashton was repeatedly subjected to discrimination and harassment because of her race, gender, and sexual orientation and retaliated against for raising complaints of discrimination.

5. Despite Ms. Ashton's complaints to both the Human Resources department and Ethics & Compliance department about racial discrimination, sexual orientation discrimination, sex discrimination, and harassment, AllianceRX took no corrective action discrimination, harassment, and retaliation, or against any individuals reported for discriminatory or harassing conduct.  Instead, AllianceRX condoned and acquiesced in the unlawful conduct toward Ms. Ashton, allowed retaliation against Plaintiff, and terminated Plaintiff after her reporting of unlawful conduct.

6. Plaintiff brings this lawsuit against AllianceRX to recover all equitable and monetary relief available under the law – including economic, compensatory and punitive damages, as well as interest, attorneys' fees and costs –

for discrimination and retaliation in violation of 42 U.S.C. § 1981 ("§ 1981") and Title VII of the Civil Rights Act of 1964 ("Title VII").

## THE PARTIES

7. Plaintiff resides in Irving, Texas.

8. AllianceRX is a wholly-owned subsidiary of Walgreens Boots Alliance.

9. AllianceRX is headquartered in Orlando, Florida.

10. At all times material hereto, AllianceRX was Plaintiff's "employer" within the meaning of Title VII.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. On October 14, 2021, Ms. Ashton submitted an inquiry with the Equal Employment Opportunity Commission (EEOC) against AllianceRX.

12. On February 2, 2023, the EEOC issued, upon Ms. Ashton's request, a Dismissal and Notice of Rights, so that she could file this lawsuit with this Court under Title VII. This lawsuit has been filed within 90 days after the EEOC issued the Dismissal and Notice of Rights.

## JURISDICTION AND VENUE

13. The causes of action which form the basis for this lawsuit arise under 42 U.S.C. § 1981 and Title VII.

14. This Court has jurisdiction over Plaintiff's § 1981 and Title VII claims pursuant to 28 U.S.C. § 1331.

15. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices and conduct set forth herein, occurred in this District.

## FACTUAL ALLEGATIONS

16. Ms. Ashton is an African American woman who was hired by AllianceRX as Manager of Insurance and Group Agent on September 6, 2017.

17. Ms. Ashton was the only African American woman in her department.

18. Soon after her hire, Ms. Ashton began to experience discrimination, harassment, and a hostile work environment.

19. Ms. Ashton was frequently subjected to racial discrimination through verbal comments by her peers and supervisors. Ms. Ashton was frequently referred to as "black woman" or "that black woman."

20. Ms. Ashton was frequently subjected to discrimination based on her sex and sexual orientation. Peers and supervisors made comments like "you need some dick in your life" and "I didn't know you swung that way."

21. Ms. Ashton was frequently excluded from business meetings and gatherings. Peers would attend, while Ms. Ashton was not included.

22. Ms. Ashton frequently complained to Human Resources, on more occasions than she can estimate. Human Resources refused to take any action besides sending an email regarding harassment policies to employees.

23. In 2021, Ms. Ashton had weekly or bi-weekly meetings with HR to advise them of the continued harassment and discrimination she was experiencing.

24. Ms. Ashton also attempted to discuss the harassment and discrimination with upper management. Every member of upper management was a white male, except one manager who was an African American. This supervisor told Ms. Ashton that she was "in the weeds" and "you gossip too much," as well as described her as an "angry Black woman."

25. Ms. Ashton first called the Ethics & Compliance line, Lighthouse, in November 2017. Ms. Ashton would provide a verbal complaint via the telephone and Lighthouse would send her a copy of the case via email.

26. Ms. Ashton's complaints to Ethics & Compliance were not confidential and would be forwarded to HR and/or management. It was then left

for HR and/or management to decide to investigate Ms. Ashton's complaints. Ms. Ashton submitted at least four complaints to Ethics & Compliance.

27. To Ms. Ashton's knowledge, none of her complaints were investigated by Ethics & Compliance, HR, or management.

28. Ms. Ashton requested intermittent FMLA leave. This was approved and Ms. Ashton was able to take leave three days per week. When Ms. Ashton returned from leave, AllianceRX would remove her projects and exclude her from meetings.

29. Ms. Ashton was terminated on June 24, 2021. Ms. Ashton was terminated only six days following a complaint to the Ethics & Compliance department. Ms. Ashton's termination was due to "insubordination" and "failure to hold supervisors accountable."

30. Ms. Ashton only recently received a termination letter which discussed her termination as due to "gross neglect and misconduct." Ms. Ashton never engaged in any misconduct.

## FIRST CAUSE OF ACTION

**(Race Discrimination Under 42 U.S.C. § 1981)**

31. Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs, as if set forth herein in their entirety.

32. As described above, Defendants' employment decisions and harassing conduct concerning Plaintiff, are based on her race, in a violation of 42 U.S.C. § 1981.

33. AllianceRX was aware or should have been aware of the conduct alleged herein by its decision-makers, but failed to take appropriate action in response thereto, and thus is liable under § 1981 for the unlawful conduct toward Plaintiffs.

34. As a direct and proximate result of Defendants' unlawful conduct toward Plaintiff in violation of § 1981, she has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

35. Defendants' conduct was willful, wanton and demonstrated a conscious disregard for Plaintiff's rights under § 1981, and this conduct warrants the imposition of punitive damages.

36. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' unlawful conduct unless and until this Court grants the relief requested herein.

## SECOND CAUSE OF ACTION

**(Retaliation Under 42 U.S.C. § 1981)**

37. Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs, as if set forth herein in their entirety.

38. As described above, AllianceRX has retaliated against Plaintiff for her complaints about race discrimination.

39. AllianceRX was aware or should have been aware of the conduct alleged herein by its decision-makers, but failed to take appropriate action in response thereto, and thus is liable under § 1981 for the unlawful conduct toward Plaintiff.

40. As a direct and proximate result of Defendants' unlawful retaliation toward Plaintiff in violation of § 1981, she has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

41. Defendants' conduct was willful, wanton and demonstrated a conscious disregard for Plaintiff's rights under § 1981, and this conduct warrants the imposition of punitive damages.

42. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' unlawful conduct unless and until this Court grants the relief requested herein.

## THIRD CAUSE OF ACTION

**(Race Discrimination Under Title VII)**

43. Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs, as if set forth herein in their entirety.

44. As described above, Defendants' employment decisions and harassing conduct concerning Plaintiff are based on her race, in violation of Title VII.

45. AllianceRX was aware or should have been aware of the conduct alleged herein by its decision-makers, but failed to take appropriate action in response thereto, and thus is liable under Title VII for the unlawful conduct toward Plaintiff.

46. As a direct and proximate result of Defendants' unlawful conduct toward Plaintiff in violation of Title VII, she has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

47. Defendants' conduct was willful, wanton and demonstrated a conscious disregard for Plaintiff's rights under Title VII, and this conduct warrants the imposition of punitive damages.

48. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' unlawful conduct unless and until this Court grants the relief requested herein.

## FOURTH CAUSE OF ACTION

**(Retaliation Under Title VII)**

49. Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs, as if set forth herein in their entirety.

50. As described above, AllianceRX has retaliated against Plaintiff for her complaints about race discrimination.

51. Defendant was aware or should have been aware of the conduct alleged herein by its decision-makers, but failed to take appropriate action in response thereto, and thus is liable under Title VII for the unlawful conduct toward Plaintiff.

52. As a direct and proximate result of Defendants' unlawful retaliation toward Plaintiff in violation of Title VII, she has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

53. Defendants' conduct was willful, wanton and demonstrated a conscious disregard for Plaintiff's rights under Title VII, and this conduct warrants the imposition of punitive damages.

54. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' unlawful conduct unless and until this Court grants the relief requested herein.

## FIFTH CAUSE OF ACTION

### (Sex Discrimination Under Title VII)

55. Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs, as if set forth herein in their entirety.

56. As described above, Defendants' employment decisions and harassing conduct concerning Plaintiff are based on her sex, in violation of Title VII.

57. AllianceRX was aware or should have been aware of the conduct alleged herein by its decision-makers, but failed to take appropriate action in response thereto, and thus is liable under Title VII for the unlawful conduct toward Plaintiff.

58. As a direct and proximate result of Defendants' unlawful conduct toward Plaintiff in violation of Title VII, she has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

59. Defendants' conduct was willful, wanton and demonstrated a conscious disregard for Plaintiff's rights under Title VII, and this conduct warrants the imposition of punitive damages.

60. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' unlawful conduct unless and until this Court grants the relief requested herein.

## SIXTH CAUSE OF ACTION

**(Retaliation Under Title VII)**

61. Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs, as if set forth herein in their entirety.

62. As described above, AllianceRX has retaliated against Plaintiff for her complaints about sex discrimination.

63. Defendant was aware or should have been aware of the conduct alleged herein by its decision-makers, but failed to take appropriate action in response thereto, and thus is liable under Title VII for the unlawful conduct toward Plaintiff.

64. As a direct and proximate result of Defendants' unlawful retaliation toward Plaintiff in violation of Title VII, she has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

65. Defendants' conduct was willful, wanton and demonstrated a conscious disregard for Plaintiff's rights under Title VII, and this conduct warrants the imposition of punitive damages.

66. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' unlawful conduct unless and until this Court grants the relief requested herein.

## SEVENTH CAUSE OF ACTION

**(Sexual Orientation Discrimination Under Title VII)**

67. Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs, as if set forth herein in their entirety.

68. As described above, Defendants' employment decisions and harassing conduct concerning Plaintiff are based on her sexual orientation, in violation of Title VII.

69. AllianceRX was aware or should have been aware of the conduct alleged herein by its decision-makers, but failed to take appropriate action in response thereto, and thus is liable under Title VII for the unlawful conduct toward Plaintiff.

70. As a direct and proximate result of Defendants' unlawful conduct toward Plaintiff in violation of Title VII, she has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

71. Defendants' conduct was willful, wanton and demonstrated a conscious disregard for Plaintiff's rights under Title VII, and this conduct warrants the imposition of punitive damages.

72. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' unlawful conduct unless and until this Court grants the relief requested herein.

## EIGHTH CAUSE OF ACTION

### (Retaliation Under Title VII)

73. Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs, as if set forth herein in their entirety.

74. As described above, AllianceRX has retaliated against Plaintiff for her complaints about sexual orientation discrimination.

75. Defendant was aware or should have been aware of the conduct alleged herein by its decision-makers, but failed to take appropriate action in response thereto, and thus is liable under Title VII for the unlawful conduct toward Plaintiff.

76. As a direct and proximate result of Defendants' unlawful retaliation toward Plaintiff in violation of Title VII, she has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

77. Defendants' conduct was willful, wanton and demonstrated a conscious disregard for Plaintiff's rights under Title VII, and this conduct warrants the imposition of punitive damages.

78. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' unlawful conduct unless and until this Court grants the relief requested herein.

## NINTH CAUSE OF ACTION

### (Retaliation Under FMLA)

79. Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs, as if set forth herein in their entirety.

80. As described above, AllianceRX has retaliated against Plaintiff for her taking of FMLA leave.

81. Defendant was aware or should have been aware of the conduct alleged herein by its decision-makers, but failed to take appropriate action in response thereto, and thus is liable under FMLA for the unlawful conduct toward Plaintiff.

82. As a direct and proximate result of Defendants' unlawful retaliation toward Plaintiff in violation of the FMLA, she has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

83. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' unlawful conduct unless and until this Court grants the relief requested herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment in her favor and against Alliance RX and DOES 1-25, and grant to them the following relief:

A. A declaratory judgment that the actions, conduct and practices of AllianceRX complained of herein violate 42 U.S.C. § 1981 and Title VII.

B. An award for all economic damages to be determined at trial, plus pre- judgment interest, to compensate Plaintiff for the unlawful conduct, including back pay, front pay and lost benefits;

C.   An award for all compensatory damages to be determined at trial, plus pre- judgment interest, to compensate Plaintiff for any future pecuniary losses, and her emotional distress, pain, suffering, inconvenience, mental anguish, stress, anxiety, humiliation, embarrassment, loss of enjoyment of life, physical illness and other nonpecuniary losses as allowable;

D.   An award for punitive damages under 42 U.S.C. § 1981 and Title VII in an amount to be determined at trial;

E.   An award for the costs incurred in this lawsuit, together with reasonable attorneys' fees; and

F.   An award for such other and further relief as this Court deems appropriate.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues of fact, their claims, and damages herein.

Dated: May 3, 2023              Respectfully submitted,

**HILLIARD MARTINEZ GONZALES LLP**

By: */s/ Robert C. Hilliard*
Robert C. Hilliard
Federal I.D. 5912
bobh@hmglawfirm.com
Catherine T. Hilliard
State Bar No. 25316
catherine@hmglawfirm.com

**HILLIARD MARTINEZ GONZALES LLP**
719 S. Shoreline Boulevard

Corpus Christi, Texas 78401
T: (361) 882-1612
F: (361) 882-3015

-AND-

**Ben Crump**
State Bar No. 72583 *(Pro Hac forthcoming)*
ben@bencrumplaw.com
**BEN CRUMP LAW PLLC**
122 S. Calhoun Street
TALLAHASSEE, FL 32301

-AND-

**EQUAL RIGHTS LAW GROUP**
Mika Hilaire, Esq. *(Pro Hac forthcoming)*
Chloe Banker, Esq. *(Pro Hac forthcoming)*
1900 Avenue of the Stars, Suite 900
Los Angeles, CA 90067

Attorneys for Plaintiff,
**CYNTHIA ASHTON**